UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEVELAND WALLACE, et al., | No. 2:16-cv-01000 TLN CKD PS |
| Plaintiffs, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| BUCKINGHAM PROPERTY MANAGEMENT, et al., | |
| Defendants. | |

Defendants' motions to dismiss came on regularly for hearing on September 21, 2016. Plaintiffs Cleveland and Rita Wallace appeared in propria persona. Michael Felsted appeared for defendant Budget Prepay ("Budget"). D. Randall Ensminger appeared for defendant Sparkles Carwash & Lube ("Sparkles"). Ronald Berestka, Jr. appeared telephonically for defendant Buckingham Property Management ("Buckingham"). Upon review of the documents in support and opposition, upon hearing the arguments of plaintiffs and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

In this action, plaintiffs allege that defendants are engaged in a conspiracy to violate their civil rights and infringe on their privacy by unlawful wiretapping. The operative amended complaint alleges three causes of action. Defendants Budget and Sparkles move to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

1

1	In considering a motion to dismiss for failure to state a claim upon which relief can be
2	granted, the court must accept as true the allegations of the complaint in question, Erickson v.
3	Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the pleading in the light most favorable to the
4	plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).
5	In order to avoid dismissal for failure to state a claim a complaint must contain more than
6	"naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
7	of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,
8	"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
9	statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim
10	upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A
11	claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
12	the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S.
13	at 678.
14	In the first cause of action, plaintiffs allege that defendants conspired to violate their civil
15	rights in violation of 42 U.S.C. § 1985.  To state a claim under section 1985(3),[1] plaintiffs must
16	allege four elements:  "(1) a conspiracy; (2) for the purpose of depriving, either directly or
17	indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges
18	and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a
19	person is either injured in his person or property or deprived of any right or privilege of a citizen
20	of the United States ." Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992) (citation
21	omitted).   Under the second element, in addition to identifying a legally protected right, a
22	plaintiff must demonstrate a deprivation of that right motivated by "some racial, or perhaps
23	otherwise class-based, invidiously discriminatory animus behind the conspirators' action."
24	Griffith v. Breckenridge, 403 U.S. 88, 102 (1971).  Section 1985(3) is extended beyond race
25	"only when the class in question can show that there has been a governmental determination that

---

[1] The first two subsections of 42 U.S.C. § 1985, which address preventing an officer from performing duties and obstructing justice by intimidating a party, witness, or juror, are inapplicable in the circumstances alleged in the instant action.

its members 'require and warrant special federal assistance in protecting their civil rights.'" Schultz v. Sundberg, 759 F.2d 714, 718 (9th Cir. 1985) (citation omitted); see also McCalden v. California Library Ass'n, 955 F.2d 1214, 1223 (9th Cir. 1990) (plaintiff must be a member of a class that requires special federal assistance in protecting its civil rights).  For rights protected only against state encroachment, such as First Amendment rights, a cause of action under 42 U.S.C. § 1985(3) is not stated "unless it is proved that the state is involved in the conspiracy or that the aim of the conspiracy is to influence the activity of the state." United Broth. of Carpenters and Joiners of America, Local 610, AFL-CIO v. Scott, 463 U.S.C. 825, 830 (1983); see also Griswold v. Connecticut, 381 U.S. 479, 483 (1965) ("[T]he First Amendment has a penumbra where privacy is protected from governmental intrusion.").  This section "is not to be construed as a general federal tort law." Gerritsen v. de la Madrid Hurtado, 819 F.2d 1511, 1518-19 (9th Cir. 1987).

Plaintiffs allege no race based animus.  Plaintiffs confirmed at the hearing that the gravamen of their complaint against defendant Budget is that this defendant provided dirty and/or defective phones.  Plaintiffs also made plain at the hearing that the basis of their complaint against defendant Sparkles is allegedly defective repairs performed by this defendant on plaintiffs' vehicle.  Plaintiffs' allegation that defendants conspired to invade plaintiffs' privacy is insufficient to make an equal protection claim.  It does not appear that consonant with the strictures of Federal Rule of Civil Procedure 11, plaintiffs can allege that defendants are state actors or that the state is involved for purposes of a First Amendment claim.  Plaintiffs raise no argument in opposition which suggests this claim can be cured by amendment and the motions to dismiss should therefore be granted with prejudice as to the first cause of action.[2]

In the second cause of action, plaintiffs allege a claim under 18 U.S.C. § 2520, which confers a private right of action under the Wiretap Act.  The Wiretap Act generally prohibits the

---

[2] In addition, plaintiffs' claim of conspiracy rests on a slender reed.  At the hearing, when queried by the court as to the basis of the conspiracy claim, plaintiffs could only represent that defendant "Doe 1" was somehow coordinating a conspiracy to impose emotional distress on plaintiffs, including actions undertaken to have plaintiffs' room in a Las Vegas hotel be infested with ants and to have dirty sheets.  It does not appear that plaintiffs can meet the facial plausibility standard as to the first element of a section 1985 claim.

"interception" of "wire, oral, or electronic communications." 18 U.S.C. § 2511(1). Specifically, the Wiretap Act provides a private right of action against any person who "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication," 18 U.S.C. § 2511(1)(a), or who "intentionally uses, or endeavors to use, the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of [the Wiretap Act]" 18 U.S.C. § 2511(1)(d). To state a claim under this section, plaintiffs must allege that the defendant: "(1) intentionally (2) intercepted, endeavored to intercept or procured another person to intercept or endeavor to intercept (3) the contents of (4) an electronic communication (5) using a device." Blumofe v. Pharmatrak, Inc. (In re Pharmatrak Privacy Litig.), 329 F.3d 9, 18 (1st Cir. 2003). Plaintiffs allege that defendant Buckingham installed electronic spy devices in plaintiffs' apartment and refused to remove the devices. Plaintiffs make no allegations against the moving defendants with respect to the second cause of action. The allegations against defendant Sparkles involve maintenance performed by Sparkles on plaintiffs' vehicle. Against defendant Budget, plaintiffs make allegations regarding the provision of a defective cellular phone which was to be used for Life Line services. None of these allegations can reasonably be construed to be the unlawful interception of wire or electronic communications. The motion to dismiss should be granted with respect to the second cause of action.

      Plaintiffs' third cause of action is for "intrusion of seclusion." This claim appears to be a variant on plaintiffs' claim that defendants have invaded their privacy. Plaintiffs cite "Section 652 B, H" in the amended complaint but do not elucidate in the amended complaint whether this is a federal or state statute.[3] As with the second cause of action, allegations are made only against defendant Buckingham. In the third cause of action, plaintiffs allege that defendant Buckingham installed concealed electronic spy devices and "have taken control of all programmable electronic

---

[3] Plaintiffs represented to the court at the hearing that the cited reference is to a federal statute. The court could find no federal statute that might be applicable to the claim raised in the third cause of action, nor could defense counsel.

4

devices in plaintiffs' residence, preventing plaintiffs from the use of plaintiffs' computers by hacking and destroying them, reprogram VCR, interfering with TV and radio transmissions." First Amended Complaint, ECF No. 5 at 10:19-24.  Plaintiffs further alleged that Doe defendants have installed and concealed a GPS tracking device in plaintiffs' vehicle and are "bugging plaintiffs' cell phone."  The conclusory allegations set forth in the third cause of action are insufficient to state a plausible claim against the moving defendants.  Plaintiffs' opposition suggests no cure for these deficiencies.

For the foregoing reasons, the court will recommend that the motions to dismiss be granted.  Because it appears that further amendment would be futile, the motions to dismiss should be granted with prejudice.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motions to dismiss (ECF Nos. 16, 17) be granted; and

2. Defendants Budget and Sparkle be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 22, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 wallace1000.oah.57

5