UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEVELAND WALLACE, et al., | No. 2:16-cv-01000 TLN CKD PS |
| Plaintiffs, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| BUCKINGHAM PROPERTY MANAGEMENT, et al., | |
| Defendants. | |

Pending before the court is the motion for judgment on the pleadings brought by defendant Buckingham Property Management ("Buckingham"). Because oral argument is not of material assistance, this matter is submitted on the briefs. E.D. Cal. L.R. 230(g). Upon review of the documents in support and opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

In this action, plaintiffs allege that defendants are engaged in a conspiracy to violate their civil rights and infringe on their privacy by unlawful wiretapping. The operative amended complaint alleges three causes of action. ECF No. 5. Defendants Budget and Sparkles have been dismissed, their motions to dismiss having been granted with prejudice. ECF Nos. 31, 34.

/////

/////

Defendant Buckingham now moves for judgment on the pleadings for failure to state a claim.[1]

Plaintiffs have filed opposition.[2]

Rule 12(c) of the Federal Rules of Civil Procedure provides as follows:

> [a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12(c). Judgment on the pleadings is appropriate "when there are no issues of material fact, and the moving party is entitled to judgment as a matter of law." 3550 Stevens Creek Assocs. v. Barclays Bank, 915 F.2d 1355, 1357 (9th Cir. 1990). In considering a motion for judgment on the pleadings, the court reviews the pleadings only. The allegations of the non-moving party must be accepted as true. See Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1550 (9th Cir. 1989); see also Lyon v. Chase Bank USA, N.A., 656 F.3d 877, 882 (9th Cir. 2011). A motion for judgment on the pleadings is functionally identical to a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6); the same legal standard applies. See Cafasso v. General Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 n.4 (9th Cir. 2011).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim

---

[1] Defendant requests the court take judicial notice of documents filed in this action. The documents are properly subject to judicial notice and accordingly defendant's request (ECF No. 38-2) is granted.

[2] Plaintiffs submit exhibits in support of their opposition. The exhibits are not properly considered on a motion for judgment on the pleadings. If considered for purposes of whether amendment should be allowed, plaintiffs' exhibits do not suggest that amendment would be anything other than futile.

1  upon which the court can grant relief has facial plausibility.  <u>Twombly</u>, 550 U.S. at 570.  "A
2  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
3  the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Iqbal</u>, 556 U.S.
4  at 678.

5        The amended complaint alleges three causes of action.  In the first cause of action,
6  plaintiffs allege that defendants conspired to violate their civil rights in violation of 42 U.S.C. §
7  1985.  To state a claim under section 1985(3),[3] plaintiffs must allege four elements: "(1) a
8  conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of
9  persons of the equal protection of the laws, or of equal privileges and immunities under the laws;
10 and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his
11 person or property or deprived of any right or privilege of a citizen of the United States ."  <u>Sever
12 v. Alaska Pulp Corp.</u>, 978 F.2d 1529, 1536 (9th Cir. 1992) (citation omitted).  Under the second
13 element, in addition to identifying a legally protected right, a plaintiff must demonstrate a
14 deprivation of that right motivated by "some racial, or perhaps otherwise class-based, invidiously
15 discriminatory animus behind the conspirators' action."  <u>Griffith v. Breckenridge</u>, 403 U.S. 88,
16 102 (1971).  Section 1985(3) is extended beyond race "only when the class in question can show
17 that there has been a governmental determination that its members 'require and warrant special
18 federal assistance in protecting their civil rights.'"  <u>Schultz v. Sundberg</u>, 759 F.2d 714, 718 (9th
19 Cir. 1985) (citation omitted); <u>see also</u> <u>McCalden v. California Library Ass'n</u>, 955 F.2d 1214,1223
20 (9th Cir. 1990) (plaintiff must be a member of a class that requires special federal assistance in
21 protecting its civil rights).  For rights protected only against state encroachment, such as First
22 Amendment rights, a cause of action under 42 U.S.C., § 1985(3) is not stated "unless it is proved
23 that the state is involved in the conspiracy or that the aim of the conspiracy is to influence the
24 activity of the state."  <u>United Broth. of Carpenters and Joiners of America, Local 610, AFL-CIO
25 v. Scott</u>, 463 U.S.C. 825, 830 (1983); <u>see also</u> <u>Griswold v. Connecticut</u>, 381 U.S. 479, 483 (1965)

26

27 [3] The first two subsections of 42 U.S.C. § 1985, which address preventing an officer from
   performing duties and obstructing justice by intimidating a party, witness, or juror, are
28 inapplicable in the circumstances alleged in the instant action.

("[T]he First Amendment has a penumbra where privacy is protected from governmental intrusion."). This section "is not to be construed as a general federal tort law." Gerritsen v. de la Madrid Hurtado, 819 F.2d 1511, 1518-19 (9th Cir. 1987).

Plaintiffs allege no race based animus and make no showing of such in their opposition. Plaintiffs' allegation that defendants conspired to invade plaintiffs' privacy is insufficient to make an equal protection claim. It does not appear that, consonant with the strictures of Federal Rule of Civil Procedure 11, plaintiffs can allege that defendants are state actors or that the state is involved for purposes of a First Amendment claim. Plaintiffs raise no argument in opposition which suggests this claim can be cured by amendment and the motion for judgment on the pleadings should therefore be granted with prejudice as to the first cause of action.

In the second cause of action, plaintiffs allege a claim under 18 U.S.C. § 2520, which confers a private right of action under the Wiretap Act. The Wiretap Act generally prohibits the "interception" of "wire, oral, or electronic communications." 18 U.S.C. § 2511(1). Specifically, the Wiretap Act provides a private right of action against any person who "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication," 18 U.S.C. § 2511(1)(a), or who "intentionally uses, or endeavors to use, the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of [the Wiretap Act]" 18 U.S.C. § 2511(1)(d). To state a claim under this section, plaintiffs must allege that the defendant: "(1) intentionally (2) intercepted, endeavored to intercept or procured another person to intercept or endeavor to intercept (3) the contents of (4) an electronic communication (5) using a device." Blumofe v. Pharmatrak, Inc. (In re Pharmatrak Privacy Litig.), 329 F.3d 9, 18 (1st Cir. 2003).

Plaintiffs allege that defendant Buckingham conspired with unknown persons to install electronic spy devices in plaintiffs' apartment and refused to remove the devices. Other than these conclusory allegations, plaintiffs plead no plausible support for their allegation that a senior residential apartment management company installed electronic surveillance devices in plaintiffs' apartment. In opposition, plaintiffs simply claim that they told defendant about the alleged spy

devices. This contention is not sufficient to support a plausible claim that defendant has installed electronic spy devices. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plaintiffs fail to meet this burden. The motion for judgment on the pleadings should be granted with respect to the second cause of action.

Plaintiffs' third cause of action is for "intrusion of seclusion." This claim appears to be a variant on plaintiffs' claim that defendants have invaded their privacy. Plaintiffs cite "Section 652 B, H" in the amended complaint but do not elucidate whether this is a federal or state statute and the court has found no statute which might be applicable to such a claim. In the third cause of action, plaintiffs allege that defendant Buckingham conspired with unnamed individuals to install concealed electronic spy devices. First Amended Complaint, ECF No. 5 at 10:12-16. Plaintiffs further allege that unnamed individuals "have taken control of all programmable electronic devices in plaintiffs' residence, preventing plaintiffs from the use of plaintiffs' computers by hacking and destroying them, reprogram VCR, interfering with TV and radio transmissions." First Amended Complaint, ECF No. 5 at 10:19-24. Plaintiffs further alleged that Doe defendants have installed and concealed a GPS tracking device in plaintiffs' vehicle and are "bugging plaintiffs' cell phone." First Amended Complaint, ECF No. 5 at 11:4- 12. The conclusory allegations set forth in the third cause of action are insufficient to state a plausible claim against defendant Buckingham. Plaintiffs' opposition suggests no cure for these deficiencies.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion for judgment on the pleadings for failure to state a claim (ECF No. 38) be granted;

2. Defendant Buckingham be dismissed with prejudice; and

3. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 2, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 wallace1000.2.sob.57